UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CALVIN COLEMAN (#399534)**　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**20-65-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

**NOTICE**

　　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　　In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　　Signed in Baton Rouge, Louisiana, on November 16, 2020.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CALVIN COLEMAN (#399534)**                                                                               **CIVIL ACTION**

**VERSUS**

                                                                                                               **20-65-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss (R. Doc. 14) filed on behalf of defendants Darrel Vanoy, Shannon Demarrs, Tracy Falgout, Marcia Booker, Matthew Gamble, Randy Lavespere, Kate Ard, David Voohries, Damon Turner, Larry Simon, and James LeBlanc. This Motion is opposed. *See* R. Doc. 16.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP") filed this action pursuant to 42 U.S.C. § 1983 against the moving defendants and Creshawnda Thompson,[1] alleging that his constitutional rights were violated due to deliberate indifference to his serious medical needs and retaliation. The plaintiff seeks monetary and injunctive relief.

The moving defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] Defendant Thompson was served on June 10, 2020, but no responsive pleadings have been filed on her behalf. *See* R. Doc. 7.

accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges that he was denied proper mental health treatment and retaliated against on several occasions beginning as early as July 3, 2018 and ending as late as January 3, 2019. In response to the plaintiff's allegations, the moving defendants contend that the claims asserted in this proceeding are time-barred. Specifically, the defendant asserts that more than one year of un-tolled time elapsed after the referenced incidents before the plaintiff filed his Complaint herein.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[2] Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the latest incident complained of by the plaintiff occurred on January 3, 2019, by which date the plaintiff was possessed of sufficient information to place him on notice of the existence of his cause of action defendant Thompson for refusing to accept his legal mail. Accordingly, the plaintiff's claims accrued on that date, and he had one year within which to file a complaint in this Court. Ordinarily, therefore, any claim that the plaintiff may have had against the defendant arising out of the incident complained of would be seen to have prescribed no later than January 3, 2020, the one-year anniversary of the incident. Further, inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, January 31, 2020, the date that he

---

[2] *See* La. Civ. Code Art. 3456

apparently signed it, it appears from the face of the Complaint that his claim is time-barred. Accordingly, the burden of proof shifts to the plaintiff to show that the limitations period in this case was interrupted or tolled during the one-year period.

The plaintiff correctly asserts that, in computing the applicable limitations period, this Court is obligated to take into account the time during which the administrative proceedings were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim). The filing of an administrative grievance, however, only tolls or suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered"). Thus, this Court is required to count against the plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an interruption, "the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

The plaintiff alleges to have filed four grievances in which he raised the complaints herein: LSP-2018-1669, LSP-2018-2616, LSP-2019-0052, and LSP 2019-574. The Court cannot ascertain from the Complaint the details of the plaintiff's grievances or how long each was pending and thereby suspending the running of the limitations period. As such, the Court

cannot determine at this stage that any, much less all, of the plaintiff's claims are prescribed as suggested by the moving defendants. Such a claim can be better evaluated with the help of summary judgment evidence.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion (R. Doc. 14) be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on November 16, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**