## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN COLEMAN (#399534) | CIVIL ACTION |
| VERSUS | 20-65-BAJ-RLB |
| JAMES LEBLANC, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 11, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN COLEMAN (#399534) | CIVIL ACTION |
| VERSUS | 20-65-BAJ-RLB |
| JAMES LEBLANC, ET AL. | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment filed on behalf of defendants Darrel Vannoy, Shannon Demars, Tracy Falgout, Marcia Booker, Mathew Gamble, Randy Lavespere, Kate Ard, David Voorhies, Damon Turner, Larry Simon, and James LeBlanc. (R. Doc. 53). The plaintiff has filed an Opposition (R. Doc. 55), and the defendants have filed a Reply (R. Doc. 56).

The *pro se* plaintiff, an inmate formerly confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983, complaining that his constitutional rights were violated due to deliberate indifference to his health and safety, the use of excessive force, and retaliation. He seeks monetary and injunctive relief.

Defendants move for partial summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, and excerpts of a certified copy of the plaintiff's Medical and Mental Health records dated July 2018-January 2019. The plaintiff opposes the Motion for Partial Summary Judgment relying upon the pleadings and documents from administrative remedy procedures numbered LSP-2018-1669, LSP-2018-2616, and LSP-2019-0574.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for

summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### Plaintiff's Allegations

In his Complaint[1], the plaintiff alleges the following: In 2018, the plaintiff was misdiagnosed as schizophrenic and was prescribed Zyprexa by defendant Dr. Gamble.

---

[1] The plaintiff's Complaint is not verified and is not competent summary judgment evidence. Fed. Rule Civ. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as

Thereafter, defendants Dr. Gamble and Booker failed to adequately monitor the administration of the plaintiff's mediation. On July 3, 2018, the plaintiff decided to stop taking Zyprexa because he was not administered the medication at the prescribed time resulting in him being unable to function adequately on a daily basis. Despite refusing to take his medication, the plaintiff was not evaluated by a mental health care professional or placed in administrative segregation as required by prison policy.

The plaintiff was not informed of the various side effects of Zyprexa or from withdrawal of the medication, nor was he mentally stable enough to sign a consent before being prescribed the medication. On July 15, 2018, the plaintiff experienced a mental breakdown and attacked two female officers during an altercation involving a cell phone. By July 23, 2018, the plaintiff was experiencing symptoms of withdrawal including excessive sweating, tremors, anxiety, muscle pain, diarrhea, headaches, and behavior changes. The plaintiff spoke to a social worker on August 3, 2018, and requested withdrawal treatment, which was denied.

On August 9, 2018, the plaintiff experienced a seizure after refusing to take another medication – Citalopram. The plaintiff still received no withdrawal treatment despite declaring several medical and mental health emergencies. The plaintiff was given medicine for his stomach and was placed on suicide watch. Plaintiff was housed in administrative segregation with inmate Jackson who was also on homicide/suicide watch. Jackson told defendant Simon that if the plaintiff was placed in his cell, he might attack him due to his mental state. Plaintiff then told defendant Simon that he was placing his life in danger, and Simon threatened to administer a chemical agent if the plaintiff refused to go into the cell with Jackson. Plaintiff entered the cell,

---

competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346. The plaintiff's Complaint does not contain the required averral and does not meet the affidavit requirements.

wearing only a ripped paper gown, and was attacked by Jackson. A cadet activated his beeper, defendant Simon ordered the plaintiff and Jackson to stop fighting, and the altercation ended.

When the plaintiff had informed defendant Simon, prior to entering the cell, that his gown was ripped defendant Simon responded, "That's good. Now it would be easier for you to get f----d." As the plaintiff was being transferred to another cell after the fight, defendant Simon stated, "Now look at your fine a--. I can f--- you right now and you won't be able to do nothing just like those two female officers you put your hands on you coward b----."

Due to the fight with inmate Jackson, the plaintiff re-injured his lower back. He was seen by an EMT for back pain, but despite several requests was not further evaluated or provided any treatment.

It was the policy of defendant Booker to house two inmates on suicide watch in one cell. Defendant Vannoy allowed the policy to remain in place despite several simple and aggravated fights occurring due to the implementation of the policy.

On December 31, 2018, the plaintiff was housed in the mental health transition unit when another inmate threw feces on three other inmates. One of the victims was housed next to the plaintiff and was not allowed to shower and his cell was not cleaned until the following day. Plaintiff was forced to inhale the offensive odor all night. As a result, the plaintiff suffered headaches, nausea, and loss of appetite for several days. He was seen by an EMT. Other inmates in the same housing area do not shower for months at a time, exposing the plaintiff to contagious bacteria.

**Failure to Protect**

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d

1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837.

Defendants assert that the plaintiff lacks any evidence to suggest that any of the defendants possessed the requisite knowledge of a specific risk to the Plaintiff as evidenced by the lack of exhibits or witnesses listed in his Proposed Pretrial Order. However, the plaintiff has listed himself as a witness, and he will presumably testify as to the threat made by inmate Jackson in the presence of defendant Simon, his concern for his safety expressed to defendant Simon, and defendant Simon's comments both before and after the altercation between the plaintiff and inmate Jackson[2]. At this time, the Court may not evaluate the credibility of the plaintiff as a witness. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Such determination should be left to the jury.

However, with regards to defendants LeBlanc, Booker, Vannoy, and Benjamin, the defendants are correct. The record is devoid of any evidence sufficient to permit a trier of fact to find that any of these defendants had actual knowledge of the risk to the plaintiff. Nothing in the

---

[2] The Court may consider the content or substance of otherwise inadmissible materials where the party who submitted the evidence shows that it will be possible to put the information into an admissible form at trial. *See Haas Outdoors, Inc. v. Dryshod International, LLC*, 2020 WL 555385 (W.D. La. Feb. 4, 2020). Although the plaintiff's Complaint is not competent summary judgment evidence, it is clear that the plaintiff will be able to put the information therein into an admissible form at trial via his own testimony.

record suggests that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and is also devoid of any circumstances to suggest that these defendants had been exposed to information concerning the risk and thus must have known about it. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). As such, the plaintiff's claim for failure to protect asserted against defendants LeBlanc, Booker, Vannoy, and Benjamin should be dismissed.

## Conditions of Confinement

The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). However, a constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

### *Double Bunking*

To the extent the plaintiff complaints of double bunking in general, this Court has previously stated, "Plaintiff also appears to suggest that he should not have been placed in a cell with Cage because Cage was a mental health patient. However, general knowledge that a mental

health patient could be dangerous does not rise to the level of knowledge necessary to state an Eighth Amendment claim. Nor does the double-celling of Plaintiff with a mental health patient state a constitutional claim. As an initial matter, there is no constitutional right to a single cell. This Court has previously dismissed a suit based on the argument that double bunking in administrative segregation is unconstitutional. *Vicks v. Packnett*, 2020 WL 5083888 (M.D. La. 7/7/20).

*Odors*

As to the complained of odors, the Constitution does not mandate comfortable prisons and "to the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Simply put, the Constitution does not afford protection against mere discomfort or inconvenience. *See Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989). While the complained of odors may be unpleasant, such allegations do not constitute a constitutional violation. *See Farr v. Rodriguez,* 255 F. App'x. 925 (5th Cir. 2007) (claim of a "foul odor" caused by an inadequate ventilation system was an "inconvenience of prison life" which did not amount to the denial of the civilized measure of life's necessities or support an inference of deliberate indifference). This would also apply to odors present for a minimal amount of time and cleaned up the following day. As such, the plaintiff's claims regarding his conditions of confinement should be dismissed.

**Deliberate Indifference**

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837

(1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

*Misdiagnosis/Informed Consent*

The plaintiff asserts that he was misdiagnosed as schizophrenic and was prescribed Zyprexa by defendant Dr. Gamble without giving informed consent. A misdiagnosis does not equal deliberate indifference. *Domino v. Texas Dept. of Corrections*, 239 F.3d 752, 756 (5th Cir. 2016) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."). Additionally, the issue of lack of informed consent arises under state negligence law, not federal constitutional or statutory law, and does not state a viable section 1983 claim for relief. *Hollis v. United States*, 323 F.3d 330, 335 (5th Cir. 2003).[3]

*Withdrawal Treatment/Back Pain*

The plaintiff asserts that he was not given treatment for withdrawal symptoms experienced after he stopped taking Zyprexa and Citalopram as prescribed, was not treated in

---

[3] "Louisiana courts have held that the lack of informed consent is unintentional negligence and is subject to the provisions of the MMA." *Pardo v. Medtronic, Inc.*, 2010 WL 4340821, at * 1 (E.D. La. Oct. 26, 2010) (*citing Hodge v. Lafayette Gen. Hos.*, 399 So. 2d 744, 746 (La. App. 3 Cir. 1981)) (plaintiff's allegation that surgical procedure was performed without his prior informed consent was covered by the provisions of the LMMA).

accordance with prison policies after stopping the medications, and that he was not provided with treatment for back pain suffered after the fight with inmate Jackson. The record shows that the plaintiff was provided with examinations and treatments, including advice and medications, numerous times by medical and mental health personnel during the complained of period. *See* R. Doc. 11-4. Nothing in the record shows deliberate indifference on the part of any defendant, and the plaintiff has not come forward with any evidence tending to show that any defendant ignored him, purposefully provided him improper treatment, or ignored his medical complaints.

Plaintiff's disagreement with his course of treatment and allegations that he should have received further treatment do not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Additionally, Fifth Circuit case law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute [deliberate indifference], if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). As such, the plaintiff's claims for deliberate indifference to his serious medical needs should be dismissed.

### Administrative Claims and/or Informal Complaints

In so far as the plaintiff complains that defendants failed to respond to his grievances or informal complaints, the plaintiff is not constitutionally entitled to an investigation into his administrative claims or informal complaints, or to a fair or favorable response thereto. *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007). *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having her administrative claims resolved to his satisfaction and that a claim "arising from the alleged failure to investigate his grievances is indisputably meritless").

## **RECOMMENDATION**

It is recommended that the defendants' Motion for Partial Summary Judgment (R. Doc. 17), be granted in part, dismissing plaintiff's claims for (1) failure to protect, except with regards to defendant Simon,[4] (2) conditions of his confinement, (3) deliberate indifference to his serious medical needs, and (4) failure to respond to his administrative claims and/or informal complaints, with prejudice. As such, the plaintiff's remaining claims would be for (1) failure to protect asserted against defendant Simon, (2) use of excessive force asserted against defendant Turner, and (3) retaliation asserted against defendants Voorhies, Turner, and Demars. It is further recommended that in all other regards the defendants' Motion (R. Doc. 17) be denied.

Signed in Baton Rouge, Louisiana, on May 11, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The summary judgment record establishes that Plaintiff cannot show deliberate indifference to his serious medical needs on the part of any named defendant. As such, the Court may grant a motion for summary judgment with respect to any non-moving defendants *sua sponte* after giving Plaintiff notice and a reasonable time to respond. The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement. *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008). Defendant Benjamin has not been served; however, for the foregoing reason the Court recommends dismissal of the plaintiff's claims asserted against defendant Benjamin.