UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CALVIN COLEMAN (#399534)  CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.  NO. 20-00065-BAJ-RLB

RULING AND ORDER

On May 11, 2023, the Magistrate Judge issued a **Report and Recommendation (Doc. 59, the "R&R")**, recommending that Defendants Motion for Partial Summary Judgment, (Doc. 53), be granted in part and denied in part. Specifically, the Magistrate Judge recommends dismissing Plaintiff's claims for: (1) failure to protect, except as to Defendant Simon, (2) conditions of confinement, (3) deliberate indifference to his serious medical needs, and (4) failure to respond to his administrative claims and/or informal complaints, with prejudice. (R&R, p. 11). If the R&R is approved, Plaintiff's remaining claims would consist of: (1) failure to protect allegation asserted against Defendant Simon, (2) use of excessive force asserted against Defendant Turner, and (3) retaliation asserted against Defendants Voorhies, Turner, and Demars. (R&R, p. 11). Defendants specifically object to the R&R's disposition as it relates to the failure to protect claim against Defendant Simon. (Doc. 61).

Having carefully considered Plaintiffs Complaint (Doc. 1), Defendants' Motion for Partial Summary Judgment (Doc. 53), the R&R, Defendants' Objection (Doc. 61), and related filings, the Court **APPROVES** the Magistrate Judge's Report and

1

Recommendation and **ADOPTS** it as the Court's opinion in this matter.

As it relates to Defendants' objection, the Magistrate Judge found that Plaintiff's failure to protect claim against Defendant Simon should survive summary judgment because, at trial, Plaintiff would likely present evidence that Defendant Simon possessed the requisite knowledge of a specific risk to the Plaintiff, and that the jury should determine the credibility of such testimony. (R&R, p. 6). Plaintiff's evidence would likely include statements by a third-party inmate—Jazmine Jackson—as testified to by Plaintiff. (*See* R&R, p. 6). Defendants' Objection argued that (1) any statements by Jackson through Plaintiff would constitute inadmissible hearsay, and (2) that the purported statements do not show the necessary level of knowledge on the part of Defendant Simon. (Doc. 61).

First, as it relates to the admissibility of the third-party statements, as noted by the Magistrate Judge, the court may consider otherwise inadmissible materials where the submitting party shows that it will be possible to put the information into an admissible form at trial. (R&R, p. 6 n.2 (citing *Haas Outdoors, Inc. v. Dryshod International, LLC*, 1:18-cv-978-RP, 1:18-CV-596-RP (consolidated), 2020 WL 555385 (W.D. La. Feb. 4, 2020) (Pitman, J.)). The Magistrate Judge stated that "it is clear that the plaintiff will be able to put the information [within his Complaint] into an admissible form at trial via his own testimony." (R&R, p. 6 n.2).

The Court agrees. It is clear that Plaintiff may succeed in introducing the hearsay statements in an admissible form at trial, such that his claim should survive summary judgment. For instance, "[o]rdinarily, a statement is not hearsay if it is

2

offered to prove the statement's effect on the listener." *United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018) (citing *White v. Fox*, 470 F. App'x 214, 222 (5th Cir. 2012)). Because it is possible for Plaintiff to present the statement in an admissible way, the Court will overrule Defendants' Objection.

Second, as it relates to Defendant Simon's level of knowledge, the Magistrate Judge pointed out that Plaintiff would "presumably testify as to the threat made by inmate Jackson in the presence of defendant Simon, his concern for his safety expressed to defendant Simon, and defendant Simon's comments both before and after the altercation between the plaintiff and inmate Jackson." (R&R, p. 6). The Court agrees that Plaintiff has pointed to sufficient contested evidence to bring this issue to a jury, rather than grant summary judgment, and the Court will overrule Defendants' Objection on this ground.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion For Partial Summary Judgment (Doc. 53)** be and is hereby **GRANTED IN PART**, as described in the R&R.

**IT IS FURTHER ORDERED** that Defendants' **Motion For Partial Summary Judgment (Doc. 53)** be and is hereby **DENIED** in all other regards.

**IT IS FURTHER ORDERED** that this matter be and is hereby immediately **REFERRED** to the Magistrate Judge for the issuance of a Scheduling Order to proceed with the litigation of the above-captioned matter.

Baton Rouge, Louisiana, this 20th day of July, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA